**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARY A. HOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT,<br><br>Defendant. | Case No. 2:21-cv-00086<br><br>**COMPLAINT**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*** <br><br>**JURY TRIAL DEMANDED** |

1. This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. MARY A. HOLDEN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Springfield, Missouri.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Defendant") maintains its principal place of business at 4300 East Sunset Road, Suite D1, Henderson, Nevada 89014.

1

7. Defendant specializes in third-party debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

9. At some point in 2019, Plaintiff applied and was approved for a personal loan from Lending Nation ("subject debt").

10. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it was used for personal purposes.

11. Due to unforeseen circumstances, Plaintiff was unable to stay current on her obligation to Lending Nation.

12. In or around October 2020, Plaintiff started receiving unwanted phone calls from Defendant.

13. During most of the phone calls that Plaintiff answered, she spoke with Defendant's representative, John King.

14. John King was continuously rude to Plaintiff during these phone calls, sometimes even calling her a criminal and a liar.

15. On or around November 2020, Defendant placed a call to Plaintiff's place of employment.

16. During this phone call, Plaintiff advised Defendant that these unwanted and unconsented to phone calls at her place of employment would cause her to lose her job if they continued.

17. Specifically, during this call, Plaintiff requested and demanded that Defendant stop

2

calling her at her place of employment.

18. On or around late December 2020, Plaintiff called Defendant and requested to speak to John King's supervisor.

19. During this phone call, Plaintiff advised the supervisor that she did not appreciate being called a criminal and a liar and requested that she never receive phone calls from John King again.

20. Unfortunately, on or about January 4, 2021, Defendant's representative, John King, called Plaintiff's place of employment again, and spoke with the secretary.

21. When the secretary asked what this was regarding, John King said, "she'll know what to do."

22. This phone call to Plaintiff's place of employment prompted Plaintiff to call Defendant on January 5, 2021.

23. During this phone call, Plaintiff asked to speak with John King's supervisor.

24. Sadly, Plaintiff continued to only be transferred to John King by the operator.

25. Since Plaintiff was unable to reach John King's supervisor, she attempted to resolve the matter with John King himself.

26. During this phone call, Plaintiff again advised John King that she cannot received phone calls at her place of employment.

27. John King was extremely rude and stated that he called her workplace again because Plaintiff was not answering her cell phone.

28. John King went on to threaten Plaintiff, stating that he would file charges against her for a bad check and for criminal fraud if she did not pay the debt.

29. Feeling threatened, Plaintiff made a $50 good faith payment toward the debt specifically because she was concerned that Defendant would call her boss at work and/or charge

her with fraud.

30. Defendant processed the $50 payment and charged Plaintiff $10 to make the payment via phone.

31. At that point, feeling harassed, Plaintiff again asked that Defendant stop calling her work phone and requested that Defendant stop calling her cell phone.

32. Feeling harassed, mistreated and threatened, Plaintiff was forced to retain counsel to stop Defendant's abusive collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.   Violations of 15 U.S.C. §1692c**

34. Pursuant to §1692c(a)(3), a debt collector is prohibited from communicating with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. §1692c(a)(3).

35. Defendant's representative, John King, violated 15 U.S.C. §1692c(a)(3) by placing numerous unwanted and unconsented to phone calls to Plaintiff's place of employment, despite Plaintiff having informed him that Plaintiff would get in trouble for receiving phone calls at her place of employment during a previous phone call.

**b.   Violations of 15 U.S.C. § 1692e**

36. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

4

37. Section 1692e(4) of the FDCPA prohibits a debt collector from threatening that nonpayment of any debt will result in arrest or criminal charges. 15 U.S.C. § 1692e(4).

38. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

39. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect a debt. 15 U.S.C. § 1692e(10).

40. Defendant's representative, John King, violated 15 U.S.C. §§ 1692e and e(4) by threatening Plaintiff with criminal charges for fraud and for a bad check.

41. Defendant's representative, John King, violated 15 U.S.C. §§ 1692e, e(5), and e(10) when he threatened Plaintiff with criminal charges but did not actually intend nor could he file those charges against Plaintiff.

42. Specifically, Defendant's representative, John King, used those threats to coerce Plaintiff into making a payment.

**c.  Violations of 15 U.S.C. §1692f**

43. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

44. Pursuant to §1692f(1) of the FDCPA, a debt collector is prohibited from attempting to collect "any amount . . .unless such amount is authorized by the agreement creating the debt." 15 U.S.C. §1692f(1).

45. Defendant violated 15 U.S.C. §§1692f and f(1) by using unfair or unconscionable means in its attempts to collect the subject debt.

46. Specifically, it was inherently unfair and unconscionable that Defendant require Plaintiff to make a payment over the phone, and then charged Plaintiff a $10 processing fee for her payment.

5

47. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

**WHEREFORE**, Plaintiff, MARY A. HOLDEN, requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: January 15, 2021

Respectfully submitted,

**MARY A. HOLDEN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

6